IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAMSEY HILL EXPLORATION, LLC,

                Plaintiff,

v.

JGS ALL AMERICAN CONSTRUCTION, LLC,
RAIL TRUSTS EQUIPMENT, INC., and
GRANT GIBBS,

                Defendants.

OPINION AND ORDER

19-cv-082-wmc

      Plaintiff Ramsey Hill Exploration, LLC, asserts state law claims against defendant JGS All American Construction, LLC, arising out of its breach of a contract to pay for frac sand. Ramsey Hill also brings claims against defendants Rail Trusts Equipment, Inc. and Grant Gibbs for interference with that contract and theft/conversion after permitting sand to be released to JGS without first securing payment. Defendant JGS never entered an appearance, and the clerk's office entered default against it. (Dkt. #30.)[1]

      In contrast, defendants Rail Trusts and Gibbs initially appeared by counsel, removed this action to this court on diversity grounds, moved to dismiss the amended complaint, and then answered the second amended complaint. On September 10, 2019, however, counsel for Rail Trusts and Gibbs moved for leave to withdraw. (Dkt. ##33.) In granting that motion, Magistrate Judge Crocker concluded that defendant Rail Trusts has "ceased to be a going concern." (Dkt. #35.) After defendant Rail Trusts failed to

---

[1] While plaintiff erroneously represents that default *judgment* has been entered against JGS, the clerk's office has simply found JGS to be in default. As the court explained previously, plaintiff may renew its motion for entry of default judgment against JGS at the time the court is prepared to enter judgment as to plaintiff's remaining claims against the other defendants, Rail Trust and Gibbs. (Dkt. #40.)

secure new counsel, plaintiff filed a motion for summary judgment on the claims asserted against it: tortious interference with a contract (count IV) and theft / conversion (count V). (Dkt. #42.) Not surprisingly given its defunct status, Rail Trusts did not oppose that motion.

Now treating plaintiff's proposed findings of fact as undisputed, therefore, the court will grant plaintiff's motion as to liability on these two claims and set a hearing on plaintiff's request for damages against Rail Trusts and on plaintiff's motion for default judgment as against defendant JGS, should plaintiff wish to renew it. At the hearing, the court will also address the status of plaintiff's remaining claims against defendant Grant Gibbs.

UNDISPUTED FACTS[2]

On or about May 3, 2018, employees of plaintiff Ramsey Hill Exploration, LLC, were in discussions with defendant Grant Gibbs -- either on behalf of himself or as a representative of defendant Rail Trusts Equipment, Inc. -- about the possible purchase and shipment of low moisture frac sand for use in the oil industry from a location in Minnesota to a location in Texas. Following those conversations, Ramsey Hill entered into a "Sand Supply Agreement" on June 14, 2018, with defendant JGS All American Construction, LLC, with Ramsey Hill identified as the "supplier" and JGS identified as the "customer." Under the Agreement, defendant Rail Trusts (or a related entity, RTEX) is also identified

---

[2] Unless otherwise noted, the following facts are material and undisputed when viewed in the light most favorable to Rail Trusts as the non-moving party.

as one of the contractors assisting JGS. The parties agreed that the terms of the contract would take effect on July 11, 2018, and be governed by the laws of the State of Wisconsin. In addition, Ramsey Hill agreed to deliver sand to JGS. Material to the parties dispute, the Agreement provides:

> Supplier should invoice Customer within three (3) business days of receipt of Purchase Order (PO) from Customer, requesting the quantity of tons of sand and the agreed upon Purchase loaded on to railcars. Customer agrees to pay full amount of the Invoice via wire transfer or ACH within two (2) business days receipt of Invoice and Manifest. After the Invoice is paid, Supplier agrees to release the sand in the loaded railcars.

(2d Am. Compl., Ex. A (dkt. #22-2) ("Agreement") § 7(a).)[3]

Despite this provision, after the first load of sand was delivered to the delivery point on or about August 13, 2018, defendant Gibbs, either in his own capacity or as a representative of defendant Rail Trusts, contacted Progressive Rail, the railroad company delivering the sand, and demanded that the first shipment be released without having received the required payment from JGS. On August 17, 2018, plaintiff was notified by Progressive Rail that two shipments of sand laden cars had been released without payment. On or about September 7, 2018, Gibbs also allegedly admitted that he had authorized the release of the sand, even though he could have turned the rail cars around and he knew better than to release the sand without payment. Nevertheless, Gibbs allegedly reassured

---

[3] In support of a number of its proposed findings of fact, plaintiff simply cites to its amended complaint. At summary judgment, however, plaintiff must point to evidence, not simply allegations. Fed. R. Civ. Proc. 56(c). Nonetheless, because the Agreement was attached to the complaint, the court has reviewed it for purposes of setting forth the material facts.

Ramsey Hill that Rail Trusts would pay for the sand. No payment was ever made for the shipment and Ramsey Hill believes that Rail Trusts is still in possession of this first shipment of sand.[4]

While not included in its proposed findings of facts, plaintiff also submitted an affidavit from Chris Kusilek, who represents that he is Ramsey Hill's sole owner. In his declaration, Kusilek directs the court to an invoice for the August 13, 2018, shipment, of $160,078.80. (Kusilek Aff. (dkt. #43) ¶ 6 (citing 2d Am. Compl, Ex. B (dkt. #22-2).) In addition, plaintiff claims $21,477.01 in interest, $647.45 in filing fees, $225.00 in service fees, $5.00 in docket fees, and attorney's fees in an to-be-determined amount. (*Id.* ¶ 7.) However, plaintiff stops short of providing any documentation in support of these damages items.

## OPINION

### I. Motion for Summary Judgment

As the moving party with the burden of proof on these claims, plaintiff must demonstrate that the record is "so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). With no response from Rail Trust, one would expect that standard to be easily met, but plaintiff's briefing is sparse. For example, plaintiff offers *no* description of the elements of the two claims. With that said, the court takes up both

---

[4] Plaintiff also represents that no payment was made on a second shipment, but plaintiff is not seeking claims against Rail Trusts and Gibbs as to that second payment. Instead, it is only seeking a breach of contract claim against JGS.

claims asserted against Rail Trusts.

### A. Tortious Interference with a Contract

To prove tortious interference with an existing or prospective contract under Wisconsin law, a party must demonstrate that: "(1) the plaintiff had a contract or prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) the defendant was not justified or privileged to interfere." *Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶ 44, 294 Wis. 2d 274, 717 N.W.2d 781. Here, the facts establish that Ramsey Hill entered into a Sand Supply Agreement with JGS, which in relevant part required JGS to pay the invoice before release of sand. The facts also establish that Rail Trusts, through its officer Grant Gibbs, interfered with the contract by directing the release of the sand without first securing payment.[5]

Based on these facts, the court finds a causal connection between Gibbs' direction and the release of the sand without payment. Moreover, in failing to respond to the motion for summary judgment, Rail Trusts has not asserted that its interference was justified or subject to privilege. Accordingly, plaintiff has proven its tortious interference with a

---

[5] As the court pointed out in its opinion and order on defendants' motion to dismiss, plaintiff's allegation that Gibbs acted either on his own behalf *or* on behalf of Rail Trusts creates some uncertainty as to plaintiff's claim against Rail Trusts. (7/1/19 Op. & Order (dkt. #20) 4.) For purposes of deciding the present motion, the undisputed findings of fact establish that Gibbs acted as a representative of Rail Trusts in interfering with the Sand Supply Agreement. Absent some evidence to support a piercing the corporate veil theory, however, this finding would appear to preclude plaintiff from pursuing that same claim against Gibbs personally.

contract claim against Rail Trusts.

### B. Theft / Conversion

Under Wisconsin law, the elements of conversion are "(1) intentional control or taking of property belonging to another; (2) without the owner's consent; (3) resulting in serious interference with the rights of the owner to possess the property." *H.A. Friend & Co. v. Prof'l Stationery, Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 720 N.W.2d 96. Similarly, under Wis. Stat. § 943.20, theft is defined as one who "[i]ntentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of such property." *See also* Wis. Stat. § 895.446(1) (providing right to civil action for anyone who suffers damage or loss under § 943.20, among other statutes).

In light of the undisputed facts, plaintiff has also demonstrated that defendant Rail Trusts took and retained possession of the sand in the August 13, 2018, shipment without plaintiff's consent, resulting in interference with plaintiff's rights to control that property. As such, the court finds that plaintiff has also demonstrated its theft or conversion claim against Rail Trusts.

## II. Next Steps

As for the next steps in this litigation, while plaintiff *describes* its damages in an affidavit submitted in support of its motion for summary judgment, its explanation and support of these damages categories are too undeveloped to permit the court to award damages at summary judgment. Accordingly, plaintiff may have until November 10, 2020,

6

to provide additional proof of damages.

Moreover, in light of the pending claims against defendant Rail Trusts and Gibbs, the court previously denied plaintiff's motion for default judgment against defendant JGS. Having now resolved the claim against Rail Trusts, the court invites plaintiff to renew its motion for default judgment against JGS as well in order to take up that motion in the same hearing. That hearing will take place on November 20, 2020, at 10:00 a.m. -- the date previously scheduled for the final pretrial conference in this matter. If plaintiff wishes to renew its motion for default judgment against JGS, it should notify the court, serve JGS with that notice, and also provide proof of any damages, on or before November 10, 2020.

As for defendant Gibbs, Judge Crocker previously granted plaintiff's request to file an early summary judgment motion against Rail Trusts, while retaining the right to file a summary judgment motion against Gibbs later in the case. However, plaintiff waited for the deadline to file any dispositive motions to file the pending motion against Rail Trusts, leaving no time to file a motion against Gibbs. It is unclear *why* plaintiff did not pursue summary judgment against Gibbs, but at this point, the only means of pursuing its claims against him would appear to be at trial. Moreover, as noted, the court's acceptance that Gibbs acted on behalf of Rail Trusts in granting plaintiff's motion for summary judgment against Rail Trusts would appear to doom its tortious interference claim against Gibbs individually. Nonetheless, at the November 20, 2020, hearing, the court will consider whether any remaining claim against Gibbs remains to be tried.

ORDER

IT IS ORDERED that:

1) Plaintiff Ramsey Hill Exploration, LLC's motion for summary judgment against Rail Trusts Equipment, Inc. (dkt. #41) is GRANTED. The court finds Rail Trusts liable for tortious interference of a contract and theft / conversion claims.

2) Plaintiff's motion for stay pending the court's ruling on summary judgment (dkt. #48) is DENIED AS MOOT.

3) On or before November 10, 2020, plaintiff should file a letter with the court and serve it on defendant JGS if it intends to renew its motion for default judgment.

4) Also on or before November 10, 2020, plaintiff should file additional proof of damages.

5) The court will hold a hearing on November 20, 2020, at 10:00 a.m. on plaintiffs' claim for damages against Rail Trusts and on plaintiff's motion for default judgment against defendant JGS All American Construction, LLC, if plaintiff wishes to renew it.

Entered this 19th day of October, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge