IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAMSEY HILL EXPLORATION, LLC,

                                  Plaintiff,                            OPINION AND ORDER

    v.

                                                                     19-cv-082-wmc

JGS ALL AMERICAN CONSTRUCTION, LLC,
RAIL TRUSTS EQUIPMENT, INC., and
GRANT GIBBS,

                                  Defendants.

      In a prior opinion and order, the court granted plaintiff Ramsey Hill Exploration, LLC's unopposed motion for summary judgment against defendant Rail Trusts Equipment, Inc., as to liability and set a hearing as to damages. In addition, the court invited plaintiff to renew its motion for default judgment against defendant JGS All American Construction, LLC, which it now has done. On November 20, 2020, therefore, the court held a hearing via Zoom on (1) plaintiff's claim for damages against Rail Trusts and (2) plaintiff's motion for default judgment against JGS. Plaintiff appeared by its counsel and defendant Gibbs appeared individually. Consistent with the court's ruling during that hearing, and this opinion, all claims against Mr. Gibbs will now be dismissed without prejudice and final judgment will be entered against the remaining defendants as set forth below.

FACTS

      As set forth in the court's prior opinion and order, plaintiff Ramsey Hill entered into a "Sand Supply Agreement" with defendant JGS on June 14, 2018. In the Agreement Ramsey Hill is identified as the "supplier," and JGS is identified as the "customer," and

defendant Rail Trusts is identified as one of the contractors assisting JGS. Under the basic terms of the Agreement, supplier Ramsey Hill agreed to deliver sand to customer JGS, with the sand only being released from the designated "delivery point" *after* Ramsey Hill's receipt of payment.

Despite this provision, on or about August 13, 2018, defendant Gibbs, either in his own capacity or as a representative of defendant Rail Trusts, contacted the railroad company after it delivered the first load of sand to the delivery point and demanded that the first shipment be released before Ramsey Hill had received the required payment from JGS. In fact, no payment was *ever* made for the first shipment, and Ramsey Hill believes that Rail Trusts is still in possession of this first shipment of sand. Based on these alleged facts, the court previously concluded that Rail Trusts was liable for tortious interference with contract and for conversion/theft.

Without yet receiving payment for the first shipment, Ramsey Hill also sent a second shipment of sand to JGS, for which it again received no payment. As a result, Ramsey Hill asserted a breach of contract claim against JGS for failure to pay the invoices for both the first and second sand shipments.

## OPINION

### I. Defendant Grant Gibbs

In its prior opinion and order, the court indicated that the claims against defendant Gibbs were likely doomed, but indicated that it would consider whether any remaining claim against Gibbs that might remain to be tried. During the hearing today, counsel for plaintiff moved to dismiss all claims against Mr. Gibbs without prejudice, and with Gibb's

oral consent, that motion was granted.

## II. Damages against Defendant Rail Trusts

In its prior opinion and order, the court also noted that "while plaintiff *describes* its damages in an affidavit submitted in support of its motion for summary judgment, its explanation and support of these damages categories are too undeveloped to permit the court to award damages at summary judgment. Accordingly, plaintiff may have until November 10, 2020, to provide additional proof of damages." (10/19/20 Op. & Order (dkt. #50) 7.)

On November 3, 2020, plaintiff submitted the affidavit of Joel Anderson, Ramsey Hill's Director of Finance, which explains the basis for its damages claims against all defendants. (Anderson Decl. (dkt. #52).) With respect to its damages claim against Rail Trusts in particular, Anderson avers plaintiff seeks that the price of the frac sand delivered but never paid for due to Rail Trusts' unauthorized release of the sand was $160,078.80. Anderson further attaches a copy of an invoice to his declaration confirming that price. (Anderson, Ex. B (dkt. #52-2).) However, despite plaintiff mentioning other categories of damages in its motion for summary judgment -- namely, $21,477.01 in interest, $647.45 in filing fees, $225.00 in service fees, $5.00 in docket fees, and attorney's fees in a to-be-determined amount -- plaintiff has still submitted no proof. Acknowledging this deficiency at today's hearing, plaintiff's counsel dropped the request for most of these damages. As a result, no additional damages will be awarded except for plaintiff's request for filing and docket fees that the court will award based on representations of plaintiff's counsel.

### III. Default Judgment against JGS

Plaintiff originally filed this lawsuit on December 21, 2018, in the Circuit Court of Pierce County, Wisconsin. (Compl. (dkt. #2-2).) On February 4, 2019, defendants Rail Trusts and Grant Gibbs removed the lawsuit to this federal court on diversity grounds. (Dkt. #1.) Defendant JGS All American Construction, LLC, was then served on February 22, 2019, making its answer due by March 15, 2019. (Dkt. #11.) Having repeatedly failed to answer, move or otherwise respond to the complaint, the clerk's office entered default against JGS on August 12, 2019. (Dkt. #30.)[1] When plaintiff also filed a motion for default judgment shortly after, the court denied it as premature given the ongoing claims pending against the other defendants, but invited plaintiff to "renew this motion if and when entry of judgment against JGS All American Construction, LLC would be appropriate." (Dkt. #40.) In its response to the court's prior opinion, plaintiff now renews that motion (dkt. #51), which the court will grant. Thus, the court accepts plaintiff's facts in its complaint establishing that JGS breached the June 2018 Sand Supply Agreement by failing to pay for two shipments of sand, but facts "relating to the amount of damages suffered must be proved." *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)).

Against JGS, plaintiff seeks damages in the of $256,881.24, comprising $160,078.80 owed on the first shipment (the same amount plaintiff was awarded against

---

[1] As noted, defendant appears to have been served with the *amended* complaint on February 22, 2019, but had already been served the original complaint on January 4, 2019. (Dkt. #26-1.) Moreover, plaintiff served defendant JGS with the *second amended* complaint on July 15, 2019. (Dkt. #26-3.) Defendant has not responded to any of these complaints.

4

defendant Rail Trusts for its tortious interference with a contract and conversion / theft claims) and $96,802.44 owed on the second shipment. (Anderson Decl. (dkt. #52) ¶¶ 7-20); *id.*, Exs. B, C (dkt. #52-2, 52-3).) Plaintiff indicates that these amounts are "exclusive of interest," but again provides no interest rate or amount sought, nor, as in the case of Rail Trusts, does plaintiff present any evidence in support of its other claims for relief submitted in the original default judgment materials (e.g., service fee and attorney fees). (*See* Cari Aff. (dkt. #27) ¶ 5.) As such, the award against JGS will be limited to these two, principal sums, along with the docket and filing fees also awarded against Rail Trusts.

ORDER

IT IS ORDERED that:

1) Plaintiff Ramsey Hill Exploration, LLC, oral motion to dismiss all claims against defendant Grant Gibbs is GRANTED without prejudice and without costs.

2) Plaintiff Ramsey Hill Exploration, LLC's renewed motion for default judgment against defendant JGS All American Construction, LLC (dkt. ##26, 51) is GRANTED.

3) The court awards plaintiff the total amount of $160,758.25 (comprising $160,078.80 for the first shipment, $674.45 in filing fees, and $5.00 in docket fees) in damages jointly and severally against defendants Rail Trusts Equipment, Inc., and JGS All American Construction, LLC.

4) The court also awards plaintiff an additional $96,802.44 in damages against defendant JGS All American Construction, LLC solely.

5) The clerk of court is directed to enter final judgment accordingly and close this case.

Entered this 20th day of November, 2020.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge